UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL T. FLYNN,**

    **Plaintiff,**

v.                                       Case No: 8:23-cv-485-MSS-CPT

**UNITED STATES OF AMERICA,**

    **Defendant.**

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of the United States of America's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), (Dkt. 16), and Plaintiff's response in opposition thereto. (Dkt. 24)

### I. BACKGROUND

On March 3, 2023, Plaintiff filed the instant action in the United States District Court for the Middle District of Florida ("MDFL") asserting claims for abuse of process and malicious prosecution against the United States pursuant to the Federal Tort Claims Act ("FTCA"). (Dkt. 1) Plaintiff alleges that agents or agencies of the United States in prior administrations improperly opened an investigation of Plaintiff, conducted an interview of Plaintiff after that investigation should have been closed, and caused criminal charges to be brought against him. (Id. at ¶ 3) Pursuant to §

1404(a), Defendant seeks transfer of the action to the United States District Court for the District of Columbia ("DDC"). (Dkt. 16) Plaintiff opposes transfer. (Dkt. 24)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." "Section 1404 operates where there are two (or more) forums where a suit could be brought and where it could proceed. . . . Its purpose is to determine the most convenient forum from among two or more possibly correct ones." Dubin v. U.S., 380 F.2d 813, 816 (5th Cir. 1967).[1]

Under § 1404, "Congress authorized courts to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses, and the public, and to conserve time, energy, and money." Tampa Bay Storm v. Arena Football League, Inc., 932 F. Supp. 281, 282 (M.D. Fla. 1996) (citing Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)). The decision whether to transfer a case pursuant to § 1404 is left to the sound discretion of the district court. Pinson v. Rumsfeld, 192 Fed. Appx. 811, 817 (11th Cir. 2006).

To determine whether to transfer a case, the court must make a two-pronged inquiry. First, the court must find that the alternative venue is one in which Plaintiff could have originally brought the action. 28 U.S.C. § 1404(a); see also Tingley Sys.,

---

[1] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir.1981) (adopting as binding precedent all decisions of the former Fifth Circuit issued on or before September 30, 1981).

Inc. v. Bay State HMO Mgmt., Inc., 833 F. Supp. 882, 885 (M.D. Fla. 1993). Second, the Court must determine that transfer serves the interest of justice and significantly impacts the balance of convenience for the parties and witnesses. Am. Aircraft Sales Intern., Inc. v. Airwarsaw, Inc., 55 F. Supp. 2d 1347, 1351 (M.D. Fla. 1999). Generally, the plaintiff's choice of forum should not be disturbed unless the movant can show that it is clearly outweighed by other considerations. Stewart Org., Inc. v. Ricoh Corp., 47 U.S. 22, 29 (1988).

### III. DISCUSSION

Plaintiff does not dispute that this action could have been brought in either forum. Rather, Plaintiff argues that his choice of forum should be accorded deference and remain undisturbed. Upon consideration of the Parties' arguments, the Court agrees.

In determining whether the requested transfer serves the interests of justice and the balance of convenience for the parties and witnesses, courts generally consider the following factors: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. LLW Enter., LLC, 2020 WL 2630859, at *15 (citing Manuel v.

Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)). "No single factor is dispositive." Wi-Lan USA, Inc. v. Apple, Inc., No. 12-cv-24318, 2013 WL 1343535, *2 (S.D. Fla. April 2, 2013).

Defendant principally contends that these factors weigh in its favor because (i) ten of the eleven witnesses identified or alluded to in the Complaint are located within the subpoena power of the DDC, (ii) all of the acts and omissions that form the basis of Plaintiff's claims occurred within the DDC, and (iii) District of Columbia law applies to Plaintiff's claims. (Dkt. 16 at 7 – 18) Defendant also contends that Plaintiff's choice of forum should be entitled to less deference because he relocated to Florida after the bulk of the relevant acts and omissions alleged in the Complaint occurred. (Id. at 18 – 19) The Court is not persuaded that Defendant has met its burden.

First, Defendant does not provide sufficient information about the non-party witnesses in its papers such that the Court can determine what purposes these witnesses would serve during the litigation and whether they might voluntarily appear. Moreover, as noted by Plaintiff in response, there are numerous other witnesses located across the country, including several in the MDFL. Plaintiff also persuasively points out that, as an FTCA action, this case will not be presented to a jury but will proceed on a bench trial. As such, any witnesses not subject to the subpoena power of the MDFL or who otherwise are unable to travel to this state would be capable of being offered up by deposition. Accordingly, the Court does not find the convenience of witnesses weighs in favor of transfer to the DDC.

The Court is also unpersuaded that the convenience of the parties weighs in favor of transfer to the DDC. Defendant is the United States of America; there are United States Attorney's Offices in every judicial district in the country, including this district, and the Government's resources vastly outweigh Plaintiff's. Although both Parties concede that most documents and other sources of proof would be located in the DDC, the Government acknowledges that modern technology largely neutralizes traditional obstacles to providing relevant documents and access to proof. (Dkt. 16 at 13 n.12) This Court, like any federal court, is fully competent to apply District of Columbia law. The only party who would clearly be inconvenienced by relocation of this action to the DDC is Plaintiff, who would be forced to litigate outside of his home state. The Government is not over burdened by litigating here.

Finally, Plaintiff's choice of forum weighs in favor of denying transfer. The analysis is not shifted by providing lesser deference to Plaintiff's decision to litigate in the MDFL than typically awarded due to Plaintiff's relocation here after the events giving rise to the litigation occurred. As discussed above, Defendant has not met its burden to show that Plaintiff's choice of forum is outweighed by any other considerations. Thus, this factor is likewise unhelpful to Defendant.

In sum, the Court concludes that the interests of justice weigh against transfer of this case to the DDC. Plaintiff is entitled to seek redress in his home forum, and Defendant's Motion presents no overwhelming need to disturb that choice.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that the United States of America's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), (Dkt. 16), is **DENIED**. Plaintiff's request for oral argument on the Motion, (Dkt. 25), is **DENIED AS MOOT**.

**DONE and ORDERED** in Tampa, Florida this 12th day of June 2023.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Party