UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL T. FLYNN,

    Plaintiff,

v.                                            Case No. 8:23-cv-00485-MSS-CPT

UNITED STATES OF AMERICA,

    Defendant.
_____/

**DEFENDANT UNITED STATES OF AMERICA'S MOTION TO
STAY DISCOVERY AND CASE MANAGEMENT REPORT PENDING
RESOLUTION OF THE UNITED STATES' MOTION TO DISMISS**

Defendant United States of America, by and through the undersigned counsel, respectfully moves for a stay of discovery in this case, including the obligation to prepare and file a case management report, pending the Court's disposition of the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction (the "Motion to Dismiss"), filed concurrently herewith.  Through the Motion to Dismiss, the United States presents a facial challenge to the Court's subject matter jurisdiction based upon its sovereign immunity.  More specifically, the United States seeks dismissal of this case in its entirety, because Plaintiff has not plausibly alleged a claim under the Federal Tort Claims Act ("FTCA") and, thus, the United States has not waived its sovereign immunity with regard to the claims asserted by Plaintiff. Consistent with the Eleventh Circuit's guidance that sovereign immunity "protects government officials not only from having to stand trial, but from having to bear the

burdens attendant to litigation, including pretrial discovery," *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004), the Court should stay discovery (including the preparation of a case management report) pending resolution of the Motion to Dismiss. Plaintiff does not consent to the relief requested herein.

## BACKGROUND

On March 3, 2023, Plaintiff filed the instant action in the United States District Court for the Middle District of Florida ("MDFL") asserting claims for abuse of process and malicious prosecution against the United States pursuant to the FTCA. ECF No. 1. The gravamen of Plaintiff's complaint is that agents or agencies of the United States, including the Department of Justice ("DOJ"), the Federal Bureau of Investigation ("FBI"), the Special Counsel's Office under Special Counsel Robert S. Mueller III ("SCO"), and the Executive Office of the President ("EOP"), improperly opened an investigation of Plaintiff, conducted an interview of Plaintiff after that investigation should have been closed, and brought criminal charges against him without probable cause based upon statements made during the interview. *Id.* ¶¶ 3, 20, 110.

On May 2, 2023, the Court granted the parties an extension of time up to and including July 17, 2023 to file their case management report pursuant to Local Rule 3.02. ECF No. 17.

Concurrent with the instant motion to stay, the United States filed its Motion to Dismiss, which asserts a facial challenge to the Court's subject matter jurisdiction

and seeks dismissal of Plaintiff's claims in their entirety.[1] As the United States explains in its Motion to Dismiss, the Complaint fails to plausibly allege an abuse of process or malicious prosecution claim under the FTCA—and thus the United States has not waived its sovereign immunity with regard to either of those claims—for the following reasons.[2] First, because the United States has waived its sovereign immunity only with respect to malicious prosecution and abuse of process claims that are based upon the acts or omissions of "investigative or law enforcement officers of the United States," 28 U.S.C. § 2680(h), the Court lacks subject matter jurisdiction over Plaintiff's claims to the extent they are based upon the acts and omissions of federal employees, such as prosecutors, who are not law enforcement or investigative officers. Second, Plaintiff has not stated a claim for malicious prosecution, and the Court therefore lacks subject matter jurisdiction, because he fails to plausibly allege that (1) the criminal prosecution was procured by

---

[1] Where, as here, a defendant makes a facial challenge to the Court's subject matter jurisdiction, the court considers whether the allegations in the complaint sufficiently allege a basis for subject matter jurisdiction. *Aldabbagh v. Sec'y of State*, No. 6:21-cv-532-GAP-EJK, 2021 WL 6298664, at *1 (M.D. Fla. Oct. 5, 2021) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11thCir. 1990)). In considering a facial attack, the Court may consider material that is part of the pleadings, subject to judicial notice, or included in any affidavits or attachments to the pleadings. *See Mulhall v. UNITE HERE Loc.* 355, 618 F.3d 1279, 1289 n.10 (11th Cir. 2010).

[2] While a plaintiff's failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) does not usually deprive a federal court of subject matter jurisdiction—"in the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional." *Brownback v. King*, 141 S. Ct. 740, 749 (2021). Thus, if a plaintiff fails to plausibly allege the elements of an FTCA claim under 28 U.S.C. § 1346(b)(1), it constitutes both a failure to state a claim under Rule 12(b)(6) and also deprives the court of subject matter jurisdiction over the claim. *Id.*

investigative or law enforcement officers, (2) there was no probable cause to support the charges given Plaintiff's own admissions of guilt, or (3) the criminal prosecution terminated in Plaintiff's favor given that it was dismissed as moot in light of Plaintiff's acceptance of a presidential pardon. Third, Plaintiff fails to state a claim for abuse of process, and the Court therefore lacks subject matter jurisdiction, because he fails to plausibly allege either that a law enforcement or investigative officer used "process" against him or, assuming that process was used, that it was improperly used after issuance.[3]

## ARGUMENT

"A district court has broad discretion to stay proceedings 'as an incident to its power to control its own docket.'" *Saito v. Collier Cnty. Mun. Corp.*, No. 2:22-cv-740-JLB-KCD, 2023 WL 2305965, at *1 (M.D. Fla. Mar. 1, 2023) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). "In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *DeBoskey v. SunTrust Mortg., Inc.*, No. 8:14-cv-1778-MSS-TGW, 2016 WL 11504673, at *1 (M.D. Fla. Oct. 26, 2016) (quoting *Berry v. Canady*, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, *1 (M.D. Fla. March 2, 2011). Such a determination "necessarily entails taking a 'preliminary peek' at the merits of the motion to dismiss." *Saito*, 2023 WL 2305965, at *1

---

[3] The Motion to Dismiss also argues that Plaintiff's abuse of process claim is barred by the statute of limitations.

4

(quoting *Feldman v. Flood*, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997)).

Here, as explained above, the Motion to Dismiss seeks dismissal of Plaintiff's claims in their entirety because the allegations in the Complaint do not plausibly allege a claim under the FTCA and the United States thus has not waived its sovereign immunity with regard to Plaintiff's claims. "[T]he Eleventh Circuit has repeatedly recognized that claims of immunity often call for protection from discovery on the grounds that subjecting officials to traditional discovery concerning acts for which they are likely immune would undercut the protection immunity was meant to afford." *Saito*, 2023 WL 2305965, at *2 (collecting cases). As the Eleventh Circuit has explained, "[t]he defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery." *Blinco*, 366 F.3d at 1252; *see also Bouchard Transp. Co. v. Fla. Dep't of Env't Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996) ("Like a public official's qualified immunity, a state's Eleventh Amendment immunity is an entitlement not to stand trial or face the other burdens of litigation." (quotation omitted)).

Accordingly, courts within the MDFL routinely stay discovery pending resolution of a motion to dismiss that asserts sovereign immunity or other immunity defenses.[4] *See, e.g., Dressler v. U.S. Dep't of Educ.*, No. 2:18-cv-311-FTM-UAM, 2019

---

[4] Even outside the context of immunity defenses, "[w]here a preliminary motion may dispose of the entire action, a court has good cause to stay the case pending resolution of the dispositive motion." *Safeco Ins. Co. of Am. v. Amerisure Ins. Co.*, No. 8:14-cv-774-T-35MAP, 2014 WL 12621558, at *1 (M.D. Fla. Sept. 9, 2014)

5

WL 13063430, at *2 (M.D. Fla. Feb. 26, 2019) (granting stay of discovery pending resolution of Department of Education's motion to dismiss, which asserted that plaintiff's claims should be dismissed in their entirety based upon sovereign immunity); *David v. United States*, No. 8:19-cv-2591-T-36JSS, 2020 WL 1862606, at *2 (M.D. Fla. Apr. 14, 2020) (staying discovery pending resolution of motion to dismiss in which United States argued, *inter alia*, that "claims [fell] within the exception to the waiver of sovereign immunity"); *Said v. U. S. Dep't of Just.*, No. 8:21-cv-1073-WFJ-CPT, 2022 WL 18492694, at *2 (M.D. Fla. Oct. 19, 2022) (granting stay where Department of Justice "raised a potentially meritorious immunity defense"); *Saito*, 2023 WL 2305965, at *2 (granting stay where motion to dismiss "raise[d] serious questions regarding the viability of the complaint [in light of the asserted immunities] that must be resolved before Defendants are burdened with discovery and other pretrial obligations"); *see also Cook v. Taylor*, No. 2:18-cv-977-WKW, 2019 WL 1233853, at *1 (M.D. Ala. Mar. 15, 2019) (granting stay because "sovereign immunity presents a special concern that a party raising the defense

---

(citing *Patterson v. U. S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990)). Accordingly, courts within the MDFL, including this Court, often stay discovery pending resolution of a motion to dismiss that would be dispositive of the entire case even where that motion does not raise an immunity defense. *See, e.g.*, *Tibbetts Lumber Co., LLC v. Amerisure Ins. Co.*, No. 8:19-cv-1275-T-35AAS, 2019 WL 13072006, at *2 (M.D. Fla. Dec. 9, 2019) (finding that "stay of discovery pending resolution of the potentially case-dispositive issues raised in the Motion to Dismiss is appropriate"); *DeBoskey*, 2016 WL 11504673, at *1 (granting motion for stay of discovery where "motions to dismiss [were] potentially dispositive and, if granted, may eliminate the need to continue discovery"); *Safeco Ins. Co. of Am.*, 2014 WL 12621558, at *2 (granting motion to stay where "initial review of . . . Motion to Dismiss reveal[ed] that it could be dispositive").

should not be subjected to the burdens of litigation before the defense has been decided"). Indeed, the Eleventh Circuit has found that, once an immunity defense has been asserted, a District Court errs by requiring the parties to engage in a discovery conference pursuant to Federal Rule of Civil Procedure 26(f) before the immunity issue has been resolved, because "requiring the parties to develop their Rule 26(f) report before the court rule[s] on the immunity defenses is . . . inconsistent with *Bouchard Transportation* and other decisions which establish that immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted." *Howe v. City of Enterprise*, 861 F.3d 1300, 1302 (11th Cir. 2017); *see Cook*, 2019 WL 1233853, at *1 (explaining that *Howe* "explicitly held that the district court must resolve a claim of immunity before subjecting a party asserting it to discovery or Rule 26 obligations").

Moreover, because the United States' Motion to Dismiss presents a facial challenge to the Court's subject matter jurisdiction, the Motion to Dismiss "raises only questions of law" and "neither the parties nor the court have any need for discovery before the court rules on the motion." *World Holdings, LLC v. Fed. Republic of Germany*, 701 F.3d 641, 655 (11th Cir. 2012) (quotation omitted); *see also Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 842 (11th Cir. 2020) (finding that "[f]acial challenges to the legal sufficiency of a claim or defense . . . should . . . be resolved before discovery begins" (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)); *Morris v. Lincare Inc.*, No. 8:22-cv-2048-CEH-AAS, 2023 WL 3092625, at *1 (M.D. Fla. Apr. 26, 2023) ("The Eleventh Circuit instructs that facial

7

challenges to the legal sufficiency of a claim or defense should be resolved before discovery begins.").

Because no discovery is necessary to resolve the Motion to Dismiss, any delay in discovery presents a minimal burden to Plaintiff in comparison to the substantial burden the United States would face if required to continue to litigate the case while the potentially dispositive Motion to Dismiss asserting sovereign immunity is pending.[5] *See Howe*, 861 F.3d at 1302 (finding District Court order "requiring the parties to develop their Rule 26(f) report before the court ruled on the immunity defenses" inconsistent with purpose of immunity to protect defendant from burdens of litigation). As the Eleventh Circuit has observed, "[d]iscovery imposes several costs on the litigant from whom discovery is sought," and also "imposes burdens on the judicial system." *Chudasama*, 123 F.3d at 1367-68. As a result, "[a]llowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." *Id.* at 1368; *see also Staup v. Wachovia Bank, N.A.*, No. 08-60359-CIV, 2008 WL 1771818, at *1 (S.D. Fla. Apr. 16, 2008) holding "that Defendant should not be required to comply with the initial disclosure requirements of Fed. R.

---

[5] Even where a defendant has not asserted immunity from suit, this Court has recognized that "the harm, if any, to Plaintiff in temporarily staying discovery would be minimal compared with Defendants' burden of providing discovery concerning causes of action that may be dismissed." *DeBoskey*, 2016 WL 11504673, at *1.

Civ. P. 26(a), and discovery should not commence, until after the Court has issued a ruling on Defendant's Motion to Dismiss, because discovery [was] not needed for the resolution of this Motion and requiring discovery would impose an undue burden on the Defendant").

Accordingly, the Court should not require the parties to bear the effort and expense of discovery, including the preparation of a case management report, until the Court has resolved the sovereign immunity defense raised by the United States in the Motion to Dismiss, which is potentially case dispositive.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests an order staying discovery in this case (including the obligation to prepare a case management report) pending the Court's resolution of the United States' Motion to Dismiss.

## LOCAL RULE 3.01(g) CERTIFICATION

On July 5, 2023, undersigned counsel conferred by telephone with counsel for Plaintiff, and counsel advised that Plaintiff opposes the relief sought herein.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMES G. TOUHEY, JR.
Director, Torts Branch

By: /s/Herman J. Hoying
HERMAN J. HOYING
KRISTIN B. MCGRORY
Trial Attorneys
U.S. Department of Justice
Civil Division, Torts Branch
P.O. Box 888, Ben Franklin Station
Washington, DC 20044
Phone: 202-880-0141
Email: Herman.J.Hoying@usdoj.gov
Attorneys for Defendant United States of America


LACY R. HARWELL, JR.
Assistant United States Attorney
Florida Bar No. 0714623
Office of the United States Attorney
For the Middle District of Florida
400 N. Tampa St., Suite 3200
Tampa, Florida 33602
Tel. (813) 274-6000
Fax (813) 274-6200
Email: Randy.Harwell@usdoj.gov
Attorney for Defendant United States of America

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 7, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic notice of filing to all parties of record.

/s/Herman J. Hoying
Herman J. Hoying
Trial Attorney
Attorney for Defendant United States of America
