# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# Tampa Division

| | |
|---|---|
| MICHAEL T. FLYNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 8:23-cv-00485 (MSS/CPT) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO STAY DISCOVERY AND
CASE MANAGEMENT REPORT PENDING RESOLUTION
OF THE UNITED STATES' MOTION TO DISMISS**

The United States fails to address or meet its burden to show good cause as to why discovery should be stayed in this case. Its argument rests almost entirely on cases that were either stayed because the complaints were obviously frivolous, or do not apply in an FTCA case like this one, where the United States government—and not an individual—is asserting immunity. Because the United States does not, and cannot, show that it's motion to dismiss is clearly meritorious, or that any inconvenience to the United States government of engaging in discovery outweighs the prejudice to General Flynn of a delay, its motion to stay discovery should be denied.

## BACKGROUND

For purposes of this motion, the Government's summary of the background of this case is sufficient, in addition to the Complaint. *See* Gov. Br. at 1–3; *see generally* Dkt. No. 1. In addition, Plaintiff intends to file an Amended Complaint within the deadline prescribed by Federal Rule of Civil Procedure 15. Plaintiff respectfully suggests that this Court should not deem this motion as moot because this issue will persist as the United States will likely move to dismiss Plaintiff's Amended Complaint as well.

# ARGUMENT

## I. Pendency of a motion to dismiss does not justify a unilateral motion to stay discovery unless it is clearly meritorious and truly case dispositive.

Staying a case pending the outcome of a motion to dismiss is a disfavored remedy in the Middle District of Florida. The Middle District of Florida Discovery handbook states:

> Normally, the pendency of a motion to dismiss . . . will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden.

M.D. Discovery (2021) at § 1(E)(4). Moreover, "a pending motion to dismiss, alone, is not a basis to delay discovery." *David v. United States*, No. 8:19-CV-2591-T-36JSS, 2020 WL 1862606, at *1 (M.D. Fla. Apr. 14, 2020) (citing M.D. Discovery (2015) § 1(E)(4)). Rather, the moving party bears the burden of establishing "good cause and reasonableness" for a stay. *See Dressler v. U.S. Dep't of Educ.*, No. 218CV311FTM99UAM, 2019 WL 13063430, at *1 (M.D. Fla. Feb. 26, 2019) (citing *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)). When considering whether to stay discovery, "the Court must balance the harm produced by any delay with the possibility that the motion will be granted and eliminate the need for discovery." *Id*. To do so, the Court takes a "preliminary peek" at the merits of the dispositive motion to see if it is "clearly meritorious and truly case dispositive." *Id*.

The Middle District of Florida has correctly explained that "[t]he holding in *Chudasama* does not establish the general rule that discovery should not proceed

while a motion to dismiss is pending." *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-CV-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) (referring to *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)). Instead, "*Chudasama* and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.'" *Id. (quoting In re Winn Dixie Stores, Inc. Erisa Litig.*, No. 3:04-CV-194-J-33MCR, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007)).

Therefore, to the extent the United States has argued it is entitled to a stay solely based upon the pendency of its motion to dismiss, that argument is contrary to both caselaw and the local rules of discovery for this Court. *See, e.g.,* Dkt. No. 30, U.S. Br. at 5 n.4, 8 n.5, and 7–9 (suggesting that the Court may stay the case solely due to a pending motion to dismiss). The United States fails completely to meet its burden, and simply assumes that because this Court has stayed discovery in other immunity cases necessarily means that it should stay discovery here. That is not the law. The determinative factor is not whether a motion to dismiss asserts immunity, but whether the motion is clearly meritorious and the burden of discovery would outweigh the prejudice to plaintiff of a delay. *See Dressler*, 2019 WL 13063430, at *1.

The best the United States can muster is to say that it has filed a "potentially" dispositive motion. Dkt. No. 30, U.S. Br. at 8. A *potentially* dispositive motion, however, is not enough, as made clear by the series of Middle District of Florida cases cited by the United States in which a stay was granted—including other cases

in which the United States was the moving party. In each of those cases, the underlying complaints were frivolous, filed by *pro se* plaintiffs, and suffered obviously fatal defects. Not only do those cases not apply to the serious and substantial allegations made by General Flynn in this case, they highlight the fact that the United States has not and cannot argue with a straight face—as it did in *David v. United States*—that the complaint before this Court "unquestionably lacks merit." *See, e.g.*, *David v. United States*, No. 8:19-cv-2591-T-36JSS, Dkt. No. 33, Amended Motion to Stay, at 3 (filed Nov. 22, 2019), attached hereto as **Exhibit A**.

The United States' first example of this Court granting a stay, *Dressler v. U.S. Dep't of Educ.*, was an unopposed motion and should carry little to no weight. 2019 WL 13063430, at *2. Moreover, it dealt with a *pro se* plaintiff on his *Third* Amended Complaint, after having two prior complaints dismissed as shotgun pleadings. *Id.* at *1. As this Court noted, when deciding on a motion to stay discovery, "the Court must take a 'preliminary peek' at the merits of the pending dispositive motion to see whether it 'appears to be clearly meritorious and truly case dispositive.'" *Id.* In *Dressler*, this Court granted the stay, not because the defendant had asserted immunity, but because the immunity defense was "particularly persuasive" and because the motion was unopposed. *Id.* at *2.

*David v. United States* involved sovereign immunity and the FTCA, but it also involved a *pro se* plaintiff whose complaint was facially deficient. *David v. United States ("David I")*, No. 8:19-CV-2591, 2020 WL 1862606, at *1–2 (M.D.

4

Fla. Apr. 14, 2020) (Order on Motion to Stay); *David v. United States ("David II")*, No. 8:19-CV-2591, 2020 WL 4734949, at *3–4 (M.D. Fla. Aug. 14, 2020) (Order on Motion to Dismiss). While not apparent from the Order on Motion to Stay cited by the United States, *David* was similar to *Dressler* in that the complaint was *pro se* and made legally frivolous allegations. *See David II* at *4. Based on the Order on Motion to Dismiss, a "preliminary peek" at the merits easily demonstrated to the Court that there was an "immediate and clear possibility" of dismissal. *See David I* at *1; *see also David II* at *4 (finding that plaintiff's failure to allege a waiver of sovereign immunity for any of his five causes of action was a "fatal" defect).

Similarly, in *Said v. U.S. Dep't of Justice,* this Court granted the defendant's motion for a stay, not because the defendant asserted sovereign immunity, but because the Court took a "preliminary peek" at the merits and found that the motion to dismiss "appears to be clearly meritorious and truly case dispositive." *See Said v. U.S. Dep't of Justice ("Said I")*, No. 8:21-cv-1073-WFJ-CPT, 2022 WL 18492694, at *1–2 (W.D. Fla. Oct. 19, 2022) (Order on Motion to Stay). Once again, this case involved a *pro se* plaintiff who made a facial and fatal mistake by failing to allege that the federal agencies had waived immunity. *See Said v. U.S. Dep't of Justice ("Said II")*, No. 8:21-cv-1073-WFJ-CPT, 2023 WL 2562843, at *2 (M.D. Fla. Mar. 2, 2023) (Order on Motion to Dismiss).

*Saito v. Collier Cnty. Mun. Corp.* is yet another *pro se* complaint that was ultimately dismissed for facial and fatal deficiencies. *See Saito v. Collier Cnty.*

5

*Mun. Corp.*, No. 2:22-cv-740-JLB-KCD, 2023 WL 2528867, at *2–4 (M.D. Fla. Mar. 15, 2023) (Order on Motion to Dismiss). This is another example of the United States citing to an order granting a stay to show that this Court *may* do so, but neglects to take the necessary next step of showing why it *should* do so in this case. A "preliminary peek" at the merits of these cited cases would have shown the United States that the balancing test was grossly disproportionate in favor of dismissal, and therefore, the prejudice of a delay in discovery was necessarily minimal or non-existent.

Unlike *Dressler*, *David*, *Said*, or *Saito*, no such facial defect or "immediate and clear possibility" of dismissal exists in the case at bar. General Flynn has made the proper allegations, which are far from frivolous.[1] Consequently, the burden to

---

[1] An Amended Complaint in this case is also forthcoming, which will further address many of the issues raised by the United States' motion to dismiss. For example, in response to malicious prosecution, the United States claims that the SCO was fully independent of the FBI investigating officials, and that this would sever liability. To start, this is a highly factual argument, and one that may *require* discovery and is more appropriate to a summary judgment motion. The Amended Complaint will also include more specific allegations about the control exercised at high levels in the FBI over the subsequent prosecution, as well as the actual knowledge of the SCO of exculpatory evidence and its participation in the scheme to railroad General Flynn. The United States also claims that it was reasonable to rely on General Flynn's guilty plea, despite knowledge that the plea had been coerced by threats to his son. These and many more details will be included in the Amended Complaint.

Regarding abuse of process, the United States asserts a statute of limitations bar; however, the Amended Complaint will contain additional details regarding the facts and circumstances which justify equitable tolling. Essentially, the United States argues that General Flynn should have been required to file his claim when

6

the United States of having to engage in discovery during the pendency of the motion is not substantial.[2]

Conversely, the prejudice to General Flynn of a delay in discovery in such a complex and important case is considerable. The witnesses in this case are far flung, and the voluminous documentary evidence in possession of the government is likely to be subject to extensive motions practice on disputed redactions, withholdings, and claims of privilege and confidentiality. Getting an early jump on this process will be critical to preparing this case for trial.

## II. The United States claim of federal sovereign immunity does not shield it from the burdens of discovery.

Not all immunities are created equal. The authority cited by the United States, to suggest that a claim of sovereign immunity *requires* a stay of discovery, is unavailing. These cases involve individual officials as defendants seeking to avoid *personal* liability by asserting immunity—such as absolute or qualified

---

he was still under active threat by the same DOJ that coerced his guilty plea and then wrongfully charged and prosecuted him. Justice and equity demand better.

[2] The Middle District of Florida is also known for the speed with which it considers and resolves issues, lessening any burden. Dkt. No. 24 at 19–20. There will likely be a decision on the motion to dismiss before discovery progresses too far. Any task in early discovery involving government employees would necessarily involve government employees that are employed to maintain and produce records, as well as the government's lawyers, all of whom are paid to perform the exact functions that they would be asked to perform in early discovery in this case.

7

immunity. They do not address the United States as the defendant asserting sovereign immunity. This is an important distinction because the reasoning for protecting individual officials from litigation is "to shield them from undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). That reasoning does not apply to the United States as a defendant.

First, the United States quotes *Blinco v. Green Tree Servicing, LLC*, for the proposition that "[t]he defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery." 366 F.3d 1249, 1252 (11th Cir. 2004) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). *Blinco* does not apply to this case as it involved a stay of discovery pending non-frivolous appeal of the denial of a motion to compel arbitration. *Id.* at 1250, 1252. To the extent, however, that the Eleventh Circuit in *Blinco* did discuss immunity in dicta, it specified that "the concern about frivolous appeals is equally applicable to appeals from the denial by a district court of entitlement *of a government official* to immunity." *Id. at* 1252 (emphasis added). This concern with an individual defendant—as opposed to the United States—is consistent with the Supreme Court case of *Mitchell v. Forsyth*, to which *Blinco* cites. *See id.*; *Forsyth,* 472 U.S. at 526.

*Forsyth* is also inapplicable because it involved whether a denial of qualified immunity was immediately appealable. *Forsyth*, 472 U.S. at 526. It does not involve sovereign immunity of the United States, nor does it address discovery. *Id.*

Indeed, the *Forsyth* concurrence by Justice Brennan, joined by Justice Marshall, criticized the broad language used by the majority and questioned if other immunities like sovereign immunity would be included in the decision. *Id.* at 552 and n.8 (J. Brennan Concurring in Part). It further noted that not all immunities were created equal, and not all of them deserve the same protections from the burdens of litigation. *See id.* at 555–56 (J. Brennan Concurring in Part).

Notably, the protections of qualified and absolute immunity were designed to prevent pulling *individuals* away from their focus on their public service. *See Forsyth*, 472 U.S. at 525; *Harlow*, 457 U.S. at 806. This is not applicable in FTCA claims against the United States as a whole. As the United States has noted, many of the government actors identified in the Complaint and the witnesses from which discovery will be needed are no longer government employees. Dkt. No. 16 at 8.

The United States relies heavily on *Bouchard Transp. Co. v. Fla. Dep't of Env't Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996), and other cases that apply it, to claim that it is error for a district court to require parties to engage in discovery before an immunity motion has been resolved. *See* Dkt. No. 30, Def. Br. at 7. This is a misstatement of the *Bouchard* holding. The holding in *Bouchard* was simply that the district court erred by *ordering* mediation while simultaneously *deferring* and declining to rule upon an outstanding constitutional question of Eleventh Amendment state immunity. *Id.* at 1449. This is similar to this Court's interpretation of *Chudasama* in that the essential holding is that a ruling on immunity should be made expeditiously, not that discovery is impermissible while

9

the immunity question is pending. *Comp. id. with Koock*, 2009 WL 2579307, at *2 (citing *Chudasama*, 123 F.3d at 1368). In fact, the court in *Bouchard* specifically declined to rule on whether an Eleventh Amendment immunity motion has any impact on discovery. *Bouchard*, 91 F.3d at 1449 n.6. Additionally, the Eleventh Amendment question in *Bouchard* was a purely legal one, *id.* at 1449, whereas the issues in this case involve disputes of fact upon which discovery will shed light, such as the extent to which the FBI directed the wrongful investigation and subsequent prosecution of General Flynn and DOJ and SCO's knowledge of exculpatory evidence and information.

The United States also cites a Middle District of Alabama case, *Cook v. Taylor*, which makes a similar mistake in its misstatement of the law. *See Cook v. Taylor*, No. 2:18-cv-977, 2019 WL 1233853, at *1 (M.D. Ala. Mar. 15, 2019) (citing *Howe v. City of Enterprise*, 861 F.3d 1300, 1302–03 (11th Cir. 2017)). The court in *Cook*, citing to the Eleventh Circuit, claims that a district court "must resolve a claim of immunity before subjecting a party asserting it to discovery or Rule 26 obligations." *Id.* That, however, was not the Eleventh Circuit's holding in *Howe*.

Just like *Bouchard*, upon which *Howe* explicitly relies, the Eleventh Circuit in *Howe* was faced with a situation where the district court had *ordered* the defendant to engage in discovery, while simultaneously reserving on the issue of immunity. *Howe*, 861 F.3d at 1302. Therefore, district court erred because it refused to rule on the immunity question expeditiously, not—as claimed by the United States—because it subjected the defendant to discovery. *Id.*

10

## CONCLUSION

The United States has failed to carry *its burden* of showing that a stay is reasonable, necessary, and appropriate and that good cause exists to grant the stay. Unlike the *pro se* cases relied on by the United States, General Flynn's complaint is well-pleaded, and alleges decidedly non-frivolous claims of malicious prosecution and abuse of process by the United States government. Any burden to the United States of beginning discovery in this case is minimal in comparison with the prejudice to General Flynn of delay in a case this complicated. Therefore, this Court should deny the United States Motion to Stay Discovery.

Dated: July 21, 2023                                  Respectfully submitted,

/s/ Jason C. Greaves
Jared J. Roberts, Fl. Bar No. 1036550
Shawn M. Flynn, Fl. Bar No. 1040911
Jason C. Greaves, *pro hac vice*
Matt M. Dummermuth, *pro hac vice*
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
Email: shawn@binnall.com
          jared@binnall.com
          jason@binnall.com
          matt@binnall.com

*Counsel for Plaintiff*

11

## CERTIFICATE OF SERVICE

I certify that on July 21, 2023, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

*/s/ Jason C. Greaves*
Jason C. Greaves

*Counsel for Plaintiff*