UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMO DAVID,

    Plaintiff,

v.                                                  Case No. 8:19-cv-2591-T-36JSS

UNITED STATES OF AMERICA,
JANICE DAVID-CROUCH, and
WELLS FARGO CLEARING
SERVICES LLC,

    Defendants.
_____/

## THE UNITED STATES' AMENDED MOTION TO STAY THE FILING OF CASE MANAGEMENT REPORT AND TO STAY DISCOVERY

Under Federal Rule of Civil Procedure 26(c), the United States of America moves to stay the filing of a case management report, and to stay all discovery, until the United States' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 28) has been resolved. In support of this motion, the United States avers as follows:

1. The *pro se* plaintiff, Kimo David, filed a complaint with over twenty exhibits against the United States. Doc. 1, Ex. 1-1. In the original complaint, Plaintiff sought over $1 million in damages because he claimed that the United States engaged in fraud, embezzlement, defamation, and a conspiracy to abduct his minor child. Doc. 1 at ¶¶1-6.

2. The United States timely moved to dismiss the initial complaint based on a lack of subject matter jurisdiction and failure to state a claim. Doc. 13. Shortly thereafter, the United States moved to stay discovery based on its motion to dismiss. Doc. 16.

3. On November 4, 2019, Plaintiff filed an amended complaint, seeking over $15 million in damages. Doc. 18. In the Amended Complaint, Plaintiff attempted to raise various claims against the United States, including fraud, aiding and abetting the kidnapping of his minor child, defamation, illegal debt collection, and a violation of his right to procedural due process. Doc. 18, pp. 2-9.

4. Following the filing of the Amended Complaint, the Court denied the United States' initial dismissal motion as moot because the Amended Complaint "supersede[d] the original complaint." Doc. 21.

5. On November 18, 2019, the United States moved to dismiss the Amended Complaint based again on a lack of subject matter jurisdiction and failure to state a claim. Doc. 28. Specifically, the United States asserted that the Amended Complaint should be dismissed because Plaintiff failed to allege a wrongful act or omission involving the United States or any federal actor. *Id.* The United States further asserted that even if the Amended Complaint could be construed as having a connection to the United States, it should still be dismissed for the following three reasons: (1) Plaintiff's claims fall squarely within exceptions to the United States' waiver of sovereign immunity, (2) Plaintiff failed to exhaust his administrative remedies, and (3) Plaintiff failed to state a claim. *Id.*

6. Rule 26(c) permits a stay of discovery on a showing of good cause and reasonableness. *Eternal Strategies, LLC v. Clickbooth Holdings, Inc.*, 2017 WL 7311849, *1 (M.D. Fla. Sept. 20, 2017) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before

discovery begins")). Although a motion to stay discovery is generally disfavored, *id.* at *2, the Court should determine if the dispositive motion "appears to be clearly meritorious and truly case dispositive." *McCabe v. Foley*, 233 F.R.D. 683, 685-86 (M.D. Fla. 2006). If the possibility of granting the motion outweighs the harm caused by a delay in discovery, the motion should be granted. *See id.* Indeed, "[a] stay of discovery may be particularly appropriate where a claim of immunity has been raised, as one of the purposes of immunity is to 'protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government.' " *Kinlocke v. Benton*, No. 1:16-cv-4165-TCB, 2017 WL 5639936, at *1 (N.D. Ga. Feb. 14, 2017) (quoting *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987)).

7. Here, Plaintiff will suffer no harm from a brief delay in discovery. On the other hand, absent a stay, the United States will spend significant time and resources on unnecessary discovery in a civil action that unquestionably lacks legal merit. In fact, Plaintiff has already requested multiple documents from the United States prior to the parties holding a conference under Rule 26(f). (*See* October 25, 2019 Email, attached hereto as Exhibit 1). Accordingly, this Court should first consider the motion to dismiss before requiring the United States to engage in costly and time-consuming discovery.

8. Under Local Rule 3.01(g), I certify that I conferred in good faith with Plaintiff who objects to the relief requested in this motion.

**WHEREFORE**, based on the foregoing, the United States respectfully requests that this Court stay the requirement that the parties file a case management report and stay any discovery until such time as the Court has resolved the United States' Motion to Dismiss.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By: *s/ Joseph M. Tompkins*
JOSEPH M. TOMPKINS
Assistant United States Attorney
Florida Bar No. 0112226
E-mail: Joseph.Tompkins@usdoj.gov
400 North Tampa St., Suite 3200
Tampa, FL 33602
Telephone No. (813) 274-6000
Facsimile No. (813) 274-6198

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 22, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the following:

>Frederick Schrils, Esquire
>Frederick.Schrils@Gray-Robinson.com

I HEREBY CERTIFY that on November 22, 2019, a true and correct copy of the foregoing document and the notice of electronic filing were sent by United States Mail to the following non-CM/ECF participant:

>Kimo David
>11702 Crest Creek Drive
>Riverview, FL  33569
>Plaintiff Pro Se

>*s/ Joseph M. Tompkins*
>JOSEPH M. TOMPKINS
>Assistant United States Attorney

5