IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL T. FLYNN,

     Plaintiff,                    Case no. 8:23:CV-00485-MSS-CPT

vs.

UNITED STATES OF AMERICA,

     Defendant.

_____/

## THE PARTIES' JOINT MOTION TO EXTEND FILING DEADLINES AND TO EXCEED PAGE LIMITATIONS

Pursuant to Fed. R. Civ. P. 6(b), the parties respectfully move for extensions of time for the United States to file a motion to dismiss the amended complaint and for Plaintiff to file a response to the United States' motion to dismiss.  *See* Fed. R. Civ. P. 15(a)(3) (stating that a response to an amended pleading is due 14 days after service of the amended pleading); *see also* L.R. 3.01(c) (stating a party may respond to a motion to dismiss 21 days after the motion to dismiss is filed).  Specifically, the parties request the United States' deadline to file a motion to dismiss the amended complaint be extended up through and including September 15, 2023, and that Plaintiff's corresponding deadline to respond to the United States' motion to dismiss be

1

extended up through and including October 20, 2023. Additionally, the parties respectfully move for leave to exceed the page limits set by Local Rule 3.01(a)-(b) by up to 25 pages for both the United States' motion to dismiss in this matter and for Plaintiff's response to the motion to dismiss. *See* L.R. 3.01(a)-(b) (providing a 25-page limit for all motions and a 20-page limit for any response).

On March 3, 2023, Plaintiff filed the instant action asserting claims pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346, *et. seq.* ("FTCA"), for abuse of process and malicious prosecution. ECF No. 1. The gravamen of Plaintiff's complaint was that agents or agencies of the United States, including the Department of Justice ("DOJ"), the Federal Bureau of Investigation ("FBI"), the Special Counsel's Office under Special Counsel Robert S. Mueller III ("SCO"), and the Executive Office of the President ("EOP"), improperly opened an investigation of Plaintiff, conducted an interview of Plaintiff after that investigation should have been closed, and brought criminal charges against him without probable cause based upon statements made during the interview. *Id.* ¶¶ 3, 20, 110.

On June 23, 2023, the Parties filed a joint motion requesting leave to exceed the page limitations set by Local Rules 3.01(a)-(b) and for an extension of time for Plaintiff to respond to the United States' motion to dismiss. ECF

No. 27.  On June 27, 2023, the Court granted the parties' joint motion permitting the United States to file a motion to dismiss that did not exceed 45 pages in length and permitting Plaintiff to file a response that did not exceed 40 pages.  ECF No. 28.

On July 7, 2023, the United States filed a motion to dismiss the complaint in its entirety because Plaintiff failed to plausibly allege an abuse of process or malicious prosecution claim under the FTCA—and thus the United States did not waive its sovereign immunity for either of those claims.[1]  *See* ECF No. 29.  In response to the motion to dismiss, on July 28, 2023, Plaintiff filed an amended complaint.  *See* ECF No. 34; Fed. R. Civ. P. 15(a)(1)(B) (providing that a party may amend once as matter of course within 21 days after service of a motion under Rule 12(b)).  The amended complaint is approximately 10 pages longer than the original complaint and includes numerous modified and new allegations, including allegations referencing an Agency and an attorney not previously mentioned in the original complaint. *See generally id*; *see also id.* ¶¶ 77-78 (referencing the National Security Agency), 119 (referencing SCO attorney Jean Rhee).  Pursuant to Fed. R. Civ. P. 15(a)(3) and Local Rule 3.01(c), the United States' motion to dismiss the

---

[1] [I]n the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional."  *Brownback v. King*, 141 S. Ct. 740, 749 (2021).

amended complaint is currently due by August 11, 2023, and Plaintiff's response to the United States' motion to dismiss is due 21 days after the filing of the motion to dismiss.

The parties' requests to extend the filing deadlines is supported by good cause. *See* Fed. R. Civ. P. 6(b)(1) (noting a Court has discretion to extend deadlines for good cause). The amended complaint includes numerous additional and modified factual allegations from those included in the original complaint. The additional time will provide the United States with the opportunity to fully assess and investigate the new allegations, to coordinate with the multiple Department of Justice components and other agencies referenced in the amended complaint, and to adequately revise the United States' previously-filed motion to dismiss to address the new and modified allegations. Likewise, the additional time will provide Plaintiff with the opportunity to fully assess arguments made by the United States in the motion to dismiss and to prepare a response that takes into consideration the complexities of the case.

The parties' request to exceed the page limit by up to 25 pages is also supported by good cause. *See* L.R. 3.01(a)-(b) (stating a motion may not exceed 25 pages in length and a response may not exceed 20-pages in length without leave of the Court). The United States intends to move to dismiss

each of Plaintiff's claims for failure to state a claim and thus, the Court's lack of subject matter jurisdiction. To adequately address the sufficiency of each claim, including Plaintiff's new and modified allegations regarding each claim, the parties require five additional pages beyond the limitations previously approved by the Court. *See* ECF No. 28 (approving a 45-page limitation for the United States' motion to dismiss and a 40-page limitation for Plaintiff's response). As noted in the parties' prior joint motion to exceed the page limitations, malicious prosecution and abuse of process claims involve distinct legal elements and distinct factual allegations that must be separately addressed by the parties to determine whether Plaintiff has plausibly set forth claims for relief. *See* ECF No. 27. The additional pages will enable the parties to present their arguments clearly and thoroughly and, therefore, the interests of justice will be served.

<u>Conclusion</u>

For all the foregoing reasons, the parties respectfully request that the Court: (1) extend the United States' current deadline to file the motion to dismiss the amended complaint up through and including September 15, 2023, and extend Plaintiff's corresponding deadline to respond to the United States' motion to dismiss up through and including October 20, 2023; and (2) grant leave for the parties to exceed the page limits of Local Rules 3.01(a)-(b) by up

to 25 pages for the United States' motion to dismiss and Plaintiff's response to the motion to dismiss.

Respectfully submitted,

/s/*Jared. J. Roberts*
Jared J. Roberts
(Fl. Bar No. 1036550)
Jason C. Greaves
(admitted *pro hac vice*)
Shawn M. Flynn
(Fl. Bar No. 1040911)
Matt M. Dummermuth
(admitted *pro hac vice*)
BINNAL LAW GROUP
717 King Street, Suite 200
Alexandria VA 22314
Phone: (703) 888-1946
jason@binnall.com
jared@binnall.com
shawn@binnall.com
matt@binall.com
Counsel for Plaintiff

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMES G. TOUHEY, JR.
Director, Torts Branch

By: /s/*Kristin B. McGrory*
KRISTIN B. MCGRORY
HERMAN J. HOYING
Trial Attorneys
U.S. Department of Justice
Civil Division, Torts Branch
P.O. Box 888 Ben Franklin Station
Washington, DC 20044
Phone: 202-880-0141
Email: kristin.b.mcgrory@usdoj.gov
Attorneys for Defendant United States
America

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 7, 2023, I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send an electronic notice of filing.

*/s/ Kristin B. McGrory*
Kristin B. McGrory
Trial Attorney
