IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL T. FLYNN,

    Plaintiff,                                Case no. 8:23:CV-00485-MSS-CPT

vs.

UNITED STATES OF AMERICA,

    Defendant.

_____/

**DEFENDANT UNITED STATES OF AMERICA'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT**

Pursuant to Local Rule 3.01(d), the United States respectfully moves for leave to file a reply, not to exceed ten pages, in further support of its motion to dismiss Plaintiff's amended complaint. If granted, the United States further requests the reply be due no later than 21 days following the Court's order granting this motion.

On July 28, 2023, Plaintiff filed an amended complaint asserting claims pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346, *et. seq.* ("FTCA"), for abuse of process and malicious prosecution. ECF No. 34. On September 15, 2023, the United States moved to dismiss the amended complaint in its

1

entirety because Plaintiff failed to plausibly allege an abuse of process or malicious prosecution claim under the FTCA—and thus there is no waiver of the United States' sovereign immunity for either of those claims.[1] *See* ECF No. 38. On October 20, 2023, Plaintiff filed a response in opposition to the motion to dismiss ("opposition"), which includes new arguments and allegations that were not set forth in the amended complaint and thus not fully addressed in the motion. *See* ECF No. 39. For example, Plaintiff now contends that (1) various agencies "likely sought search warrants and other warrants against [Plaintiff]," *id.* at 33; (2) equitable tolling is appropriate to overcome any statute of limitations bar to Plaintiff's abuse of process claim, *id.* at 27-30; (3) probable cause was lacking for the prosecution, because Plaintiff had the right to withdraw his guilty plea at any time, *id.* at 22-23; (4) the motion to dismiss filed in Plaintiff's criminal case constitutes a favorable result for purposes of a malicious prosecution claim, even though it was denied as moot, *id.* at 15-18; and (5) "it was investigative and law enforcement officers, not prosecutors, within the FBI, DOJ, and SCO who harmed him," *id.* at 12.

Pursuant to Local Rule 3.01(d), "without leave, no party may file a reply directed to a response except a response for motion for summary judgment." L.R. 3.01(d). A party seeking leave to file a reply must show

---

[1] "[I]n the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional." *Brownback v. King*, 141 S. Ct. 740, 749 (2021).

2

good cause. *McDonald v. United States*, No. 3:13-cv-168-J-37MCR, 2013 WL 3901871, at *1 n.3 (M.D. Fla. July 29, 2013). Courts in the Middle District of Florida have found that good cause exists when the "purpose of the reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court." *Tardif v. People for Ethical Treatment of Animals*, No. 2:09-cv-537-FtM-29SPC, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011).[2]

Here, good cause for a reply exists because Plaintiff's opposition raises new arguments and allegations which the United States has not had the opportunity to fully address in its motion to dismiss the amended complaint. A reply brief will allow the United States to address these new arguments/allegations in an efficient and succinct manner without causing substantial delay to the current proceedings. Moreover, allowing the United States to file a reply will benefit the Court's resolution of the underlying motion to dismiss in this case because it will allow the United States to address whether the new arguments/allegations sufficiently establish subject-matter jurisdiction under the FTCA and whether Plaintiff has adequately pled claims for malicious prosecution and abuse of process.

---

[2] *See also Schumann v. Collier Anesthesia, P.A.*, No. 2:12-cv-347-FtM-29CM, 2014 WL 1230644, at *4 n.3 (M.D. Fla. Mar. 25, 2014) (noting that a reply brief should aid the court's resolution of the underlying motion).

<u>Local Rule 3.01(g) Certification</u>

On October 26, 2023, the undersigned certifies that she conferred with counsel for Plaintiff by telephone regarding this motion, and counsel advised that Plaintiff opposes the relief requested in this motion.

<u>Conclusion</u>

For all the foregoing reasons, the United States respectfully requests leave to file a reply in support of its motion to dismiss that will be no longer than ten pages in length and that the reply be due no later than 21 days following the Court's granting of this motion.

>
> Respectfully submitted,
>
> BRIAN M. BOYNTON
> Principal Deputy Assistant Attorney General
>
> JAMES G. TOUHEY, JR.
> Director, Torts Branch
>
> By: <u>/s/ Kristin B. McGrory</u>
> KRISTIN B. MCGRORY
> HERMAN J. HOYING
> Trial Attorneys
> U.S. Department of Justice
> Civil Division, Torts Branch
> P.O. Box 888 Ben Franklin Station
> Washington, DC 20044
> Phone: 202-880-0141
> Email: kristin.b.mcgrory@usdoj.gov
> Attorneys for Defendant United States America

## CERTIFICATE OF SERVICE

I certify that on October 26, 2023, I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send an electronic notice of filing.

*/s/Kristin B. McGrory*
Kristin B. McGrory
Trial Attorney
