## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
Tampa Division

**MICHAEL T. FLYNN**,

      Plaintiff

v.

**UNITED STATES OF AMERICA**,

      Defendant.

Case No. 8:23-cv-0485 (MSS/CPT)

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT

In his opposition to Defendant's motion to dismiss the Amended Complaint, General Flynn responded solely to arguments Defendant raised. While Defendant may disagree with General Flynn's opposition, that does not mean that General Flynn raised new allegations or arguments. Therefore, this Court should deny Defendant's motion for leave, especially as to issues Defendant has already briefed.

## ARGUMENT

Parties are not entitled to a reply brief absent leave from the court. M.D. Fla. Local Rule 3.01(d). "A party moving for a reply brief must show good cause." *Gatti v. Goodman*, No. 2:16-cv-728, 2017 WL 11615778, at *1 (M.D. Fla. Dec. 11, 2017) (citing *McDonald v. United States*, No. 3:13-cv-168, 2013 WL 3901871, at *1 n.3 (M.D. Fla. July 29, 2013)). Good cause exists when the reply brief would "rebut any new law or facts contained in the opposition's response to a request for relief before the Court." *Id.* (quoting *Tardif v. People for Ethical Treatment of Animals*, No. 2:09-cv-537, 2011 WL 2729145, at *2 (M.D. Fla. July

13, 2011)). Further, a motion for leave to file a reply may be denied if the reply would not aid the court in resolving the pending motion. *Id*.

In its motion, Defendant claims there are five new arguments in General Flynn's opposition: "(1) various agencies likely sought search warrants and other warrants against Plaintiff; (2) equitable tolling is appropriate to overcome any statute of limitations bar to Plaintiff's abuse of process claim; (3) probable cause was lacking for the prosecution because Plaintiff had the right to withdraw his guilty plea at any time; (4) the motion to dismiss filed in Plaintiff's criminal case constitutes a favorable result for purposes of a malicious prosecution claim even though it was denied as moot; and (5) it was investigative and law enforcement officers, not prosecutors, within the FBI, DOJ, and SCO who harmed him." ECF No. 40 at 2 (citations omitted). None of these, however, were new arguments or allegations.

First, General Flynn's argument regarding search warrants came directly from his Amended Complaint. ECF No. 34 at ¶ 120. The Amended Complaint makes allegations from which a reasonable inference could be drawn that warrants issued by SCO would apply to General Flynn. *See Stiles v. Judd*, 2013 WL 6185404, at *1 (M.D. Fla. Nov. 25, 2013). As the Northern District of Florida held, courts are capable of discerning, without a reply, the extent that a defendant ignored arguments in a complaint and whether a plaintiff's allegations are consistent with the complaint. *Grlpwr, LLC v. Rodriguez*, 2023 WL 6509501, at *1 (N.D. Fla. Jul. 27, 2023). The same principle applies here.

Second, it is unclear how Defendant contends that General Flynn's equitable tolling argument is a "new argument." Defendant drafted a full paragraph footnote on equitable tolling in its motion to dismiss. ECF No. 38 at 49 n.32. Defendant admits in this footnote that it was aware that General

Flynn intended to raise an equitable tolling argument. *Id*. If Defendant wished to have more thoroughly briefed this issue, it should have done so in its motion to dismiss, which was 50 pages. Defendant should not now get a second bite at the apple.

Third and fourth, regarding the lack of probable cause, Defendant fully briefed this issue. ECF No. 38 at 28–37. Indeed, Defendant seeks leave solely because it chose not to address the potential arguments that Plaintiff was able to withdraw his guilty plea and the motion to dismiss filed in General Flynn's criminal case was a favorable result. Further, Defendant was aware that General Flynn moved to withdraw his guilty plea. *Id*. at 10. And that there was a motion to dismiss the charges. *Id*. at 11. These facts were also included in the Amended Complaint. ECF No. 34 at ¶¶ 148, 152. Therefore, General Flynn simply responded to Defendant's arguments based on the allegations in the Amended Complaint, without raising anything new that would surprise Defendant. Again, Defendant seeks a second bite at the apple.

Fifth, General Flynn's entire FTCA claim is a result of it being investigative or law enforcement officers who harmed him. The Amended Complaint is replete with examples of these allegations. It was Defendant who incorrectly argued that it was only prosecutors who harmed General Flynn. General Flynn's response in opposition merely corrected this incorrect assertion without raising any new arguments.

Accordingly, because none of the examples Defendant presents as "new arguments" or new allegations are actually new, there is no good cause shown. Therefore, General Flynn respectfully requests that this Court deny Defendant's motion for leave.

Dated: October 30, 2023                Respectfully submitted,

/s/ Jason Greaves
Jason Greaves (admitted *pro hac vice*)
Matt Dummermuth (admitted *pro hac vice*)
Jared Roberts (Fl. Bar No. 1036550)
Shawn Flynn (Fl. Bar No. 1040911)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
Email: jason@binnall.com
        matt@binnall.com
        jared@binnall.com
        shawn@binnall.com

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on October 30, 2023, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ *Jason Greaves*_____

Jason Greaves
