IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL T. FLYNN,

    Plaintiff,                        Case no. 8:23:CV-00485-MSS-CPT

vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/

**DEFENDANT UNITED STATES OF AMERICA'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant United States of America respectfully submits this reply brief in support of its motion to dismiss Plaintiff's Amended Complaint.

## I. Plaintiff Concedes that His Claims May Only Be Based Upon the Conduct of Investigative or Law Enforcement Officers

As set forth in the motion, Plaintiff's claims fail because he does not plausibly allege that the claims are premised upon the acts or omissions of law enforcement or investigative officers ("ILEOs"). *See* ECF No. 38 at 15-21, 24-27, 38-41. In response, Plaintiff admits that his claims may not be based upon the conduct of other federal employees, such as prosecutors, who are not "empowered by law to execute searches, to seize evidence or to make arrests for violations of federal law." 28 U.S.C. § 2680(h); ECF 39 at 6, 8. Despite this admission, however, Plaintiff fails to identify any allegations establishing that ILEOs engaged in conduct sufficient to state a claim for malicious prosecution or abuse of process. For example, although Plaintiff references allegations regarding alleged misconduct by FBI agents during the investigation and interview of Plaintiff, ECF 39 at 4-6, investigatory misconduct is insufficient to support a claim for malicious prosecution or abuse of process.[1] Indeed, one cannot reasonably infer from the Amended Complaint that the federal employees who engaged in the allegedly actionable conduct—*i.e.*, procuring a criminal prosecution and allegedly threatening prosecution—were ILEOs.

---

[1] *See, e.g., Jackson v. District of Columbia*, 710 F. Supp. 13, 15 (D.D.C. 1989) (holding that conduct that "does not . . . subject an individual to the burdens of litigation" is insufficient to support malicious prosecution); *Spiller v. District of Columbia*, 362 F. Supp.3d 1, 7 (D.D.C. 2019) (noting abuse of process involves improper use of judicial machinery); *see also* ECF No. 38 at 15-20, 24-27, 38-41; *infra* Argument, §§ II, III.

Plaintiff also argues that he "sufficiently alleges the conduct of agency employees generally," ECF 39 at 5, but as Defendants have explained, vague and conclusory allegations concerning the alleged conduct of government components or their "employees generally" are insufficient to state a claim.[2] *See, e.g.*, ECF 34 ¶ 180 (alleging that "Defendant, through its [ILEOs] *and agencies* . . . procured the prosecution" (emphasis added)); *see also* ECF 38 at 17-22 (explaining that liability may not be premised on the conduct of government components as a whole).[3]

## II. Plaintiff Fails to Plausibly Allege a Claim for Malicious Prosecution

As explained in the motion, Plaintiff's malicious prosecution claim fails because he does not plausibly allege that the prosecution (1) was procured by ILEOs; (2) was brought without probable cause; and (3) terminated in a manner indicative of Plaintiff's innocence. Plaintiff fails to successfully refute any one of these arguments, let alone all three.

*Procurement:* Plaintiff acknowledges that his claim fails if prosecutors made the decision to prosecute "independent of (1) any pressure or influence exerted by

---

[2] Contrary to Plaintiff's contention, ECF 39 at 8, the United States does not argue that the ILEOs must be identified by name—only that Plaintiff must plausibly allege that his claims are based upon the conduct of ILEOs. Although the Amended Complaint includes several general allegations that the United States acted "by and through its [ILEOs]," *see, e.g.*, ECF 34 ¶¶ 129, 143, such allegations are impermissibly vague and conclusory and unsupported by any well-pleaded factual allegations that Plaintiff's claims actually are based upon the acts or omissions of ILEOs.

[3] Plaintiff acknowledges that, in *Carrero v. Farrelly*, "the court found the allegations conclusory because they did not establish facts indicating that the specific [federal] officials who harmed the plaintiff were 'empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.'" ECF 39 at 7 (quoting No. JKB-16-3939, 2018 WL 1761957 at *4–5 (D. Md. Apr. 12, 2018)). That holding applies equally here because Plaintiff has not alleged "facts indicating that the specific [SCO] officials who [procured his prosecution or used the judicial process against him] were [ILEOs]." *Id.*

[ILEOs], or (2) knowing misstatements from [ILEOs]," ECF 39 at 19, yet the Amended Complaint fails to allege either that ILEOs pressured prosecutors or that ILEOs made knowing misstatements to prosecutors (let alone that any such misstatements were relied upon by prosecutors). In his brief, Plaintiff points to the impermissibly vague and conclusory allegation that FBI leadership was "pushing for the prosecution . . . and the SCO was full of FBI zealots who were intent on finding a crime." *Id.* at 21. And although Plaintiff's brief contends that SCO prosecutors unwittingly relied on some unidentified misstatements by FBI agents and SCO personnel in deciding to prosecute, the complaint alleges the opposite—that SCO prosecutors decided to prosecute despite allegedly exculpatory statements by the FBI agents. *Compare id.* (arguing that prosecutors were not aware of knowing misstatements by ILEOs) *with* ECF 34 ¶¶ 13, 119 (alleging that SCO—defined to include all employees, including prosecutors—"was briefed by [the] lead agent . . . that there was no evidence of a crime" but a SCO prosecutor "completely dismissed" that explanation). The law is clear that a prosecutor's independent decision to pursue a prosecution with knowledge that an ILEO allegedly has provided false statements in an attempt to procure the prosecution breaks the chain of causation.[4] *See generally Dellums v. Powell*, 566 F.2d 167, 192 (D.C. Cir. 1977) (finding that the involvement of the procurer must be of a nature that the presumption of independent

---

[4] All of the cases relied upon by Plaintiff for his contrary contention that ILEOs may be held liable for procuring the prosecution "even if the prosecutors themselves knew of the misrepresentations," ECF 39 at 22, in fact involved instances where the prosecutors were not aware of the alleged misstatements.

3

action by the prosecutor is overborne and the chain of causation is traced to the procurer).

*Probable Cause*: In the motion, the United States demonstrated that Plaintiff's agreement to plead guilty prior to charges being filed establishes probable cause as a matter of law. In response, Plaintiff fails to distinguish any of the authority relied upon in the motion or to cite any contrary authority. Instead, Plaintiff argues only that (1) he had the right to withdraw his plea at any time, and (2) a subsequently filed motion to dismiss established a lack of probable cause.[5] Neither assertion is accurate nor do they undermine the authority cited by the United States.[6] Importantly, as Plaintiff acknowledges, "[p]robable cause must be assessed at the initiation of the case," ECF 39 at 19, but the motions to withdraw Plaintiff's plea and to dismiss were not filed until over two years after the criminal prosecution was initiated.

*Indication of Innocence*: Plaintiff concedes that he must plausibly allege that the termination of the Criminal Case was indicative of his innocence. ECF 39 at 9-10. Plaintiff's citation to cases holding that a dismissal for failure to prosecute may

---

[5] Although Plaintiff mentions in passing that his plea allegedly was coerced by a threat against his son, ECF 39 at 9, 18, the Amended Complaint is devoid of any supporting factual allegations, such as specifically what was said, when, and by whom. Plaintiff's conclusory allegations are insufficient to plausibly allege either that (1) the threat was made by an ILEO or (2) such threat compelled Plaintiff to plead guilty and then repeatedly lie under oath in open court about his guilt and the voluntariness of his plea.

[6] Plaintiff did not have the right to withdraw his plea at any time. As Plaintiff conceded in the Criminal Case, withdrawal required "a fair and just reason." Criminal Case, ECF 160-2 at 8. Even if this Court were to consider the motion to dismiss, nothing in the motion suggested that probable cause did not exist at the time the charges were brought. *See* ECF 34-4 at 2 n.1, 21 (concluding—based upon "newly discovered and disclosed information"—that "the evidence [was] insufficient to prove its case beyond a reasonable doubt").

satisfy the favorable termination requirement, *id.* at 11-12, are inapposite, because the Criminal Case was not dismissed based upon a failure to prosecute. Although a motion to dismiss the Criminal Case was filed, the court did not grant that motion. To the contrary, the court observed that the motion appeared "pretextual" and called into question the motion's analysis of materiality and falsity. Criminal Case, ECF 311 at 28-38. Ultimately, the court dismissed the Criminal Case as moot in light of Plaintiff's acceptance of a pardon,[7] which cannot satisfy the favorable termination requirement.[8] Although Plaintiff states, without citation to authority, that the judge's "decision to dismiss [the case] as moot is irrelevant to whether there is a showing of innocence," *id.* at 13, the law is clear that the disposition itself must be indicative of innocence.[9] *See Rauh v. Coyne*, 744 F. Supp. 1186, 1193 (D.D.C. 1990).

## III.   Plaintiff Fails to Plausibly Allege a Claim for Abuse of Process

As the United States demonstrated in the motion, Plaintiff's abuse of process claim should be dismissed because Plaintiff fails to plausibly allege that (1) ILEOs used the judicial process against him; (2) any process was used for an improper

---

[7] Contrary to Plaintiff's suggestion, the United States does not argue that Plaintiff's acceptance of the pardon establishes his guilt, ECF 39 at 14; nor is such a showing required. Rather, Plaintiff must show that the Criminal Case terminated in a manner that indicates his innocence. In the motion, the United States merely explained that—regardless of whether the acceptance of the pardon implies guilt—it in no way indicates his innocence.

[8] *See, e.g., Feld Ent. Inc. v. Am. Soc'y for the Prevention of Cruelty to Animals*, 873 F. Supp. 2d 288, 331 (D.D.C. 2012) (finding that courts consistently dismiss malicious prosecution claims when prior suit "was dismissed for lack of jurisdiction or standing").

[9] Even in the context of a dismissal for failure to prosecute, "the facts of the case [must] indicate that such a *disposition* reflects on the innocence of the defendant in the underlying suit." ECF 39 at 16 (quoting *Brown v. Carr*, 503 A.2d 1241, 1245 (D.C. 1986) (emphasis added)).

purpose *after issuance*; and (3) his claim is timely.  Plaintiff's attempts to overcome these deficiencies fall short.

*Judicial Process*:  Plaintiff fails to point to any allegations in his Amended Complaint that plausibly allege that ILEOs used the judicial machinery against him.[10]  Although Plaintiff references his allegation that "the United States threatened to charge [his] son with . . . crimes if he did not plead guilty," ECF 39 at 27, the Amended Complaint fails to allege any specific facts to support that allegation or that any such threat was made by ILEOs.[11]  *See* ECF 34 ¶ 128 (alleging that SCO, which is defined to include prosecutors, threatened Plaintiff's son).  Moreover, even if the allegation is accepted as true, it is legally insufficient to establish an abuse of process claim because a "threat" of process does not constitute actual use of the judicial machinery.  *See* ECF No. 38 at 43 (citing *Thorp*, 319 F. Supp. 3d at 22).  In addition, Plaintiff's brief argues, for the first time, that the government "likely sought search warrants and other warrants against [Plaintiff]."  ECF 39 at 28.  Plaintiff cannot add new allegations to support his claims through a response to a dispositive motion.  *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004).  Even if considered, however, the new allegations are entirely speculative and thus insufficient to plausibly allege an abuse of process claim.  *See Bell Atlantic Corp. v.*

---

[10] *See Thorp v. District of Columbia*, 319 F. Supp. 3d 1, 22 (D.D.C. 2018) (noting a plaintiff must allege an improper use of the "judicial machinery").

[11] Nor is it reasonable to assume that any such threat was made by ILEOs as distinguished from prosecutors.  *See, e.g.*, ECF 38 at 39 (citing documents from the Criminal Case showing that prosecutors handled plea negotiations and prosecution).

6

*Twombly*, 550 U.S. 544, 555 (2007) (finding that allegations must "rais[e] a right to relief above a speculative level").

  *Improper Purpose after Issuance*:  Plaintiff's response does not attempt to make the required showing that the alleged abuse of process consists of an improper use of the judicial process after issuance of the criminal information—the first use of the judicial machinery that is alleged.  *See Kopff v. World Rsch. Grp.*, LLC, 519 F. Supp. 2d 97, 99 (D.D.C. 2007) (the "gist of the action lies in the improper use after issuance").  To the contrary, Plaintiff's response concedes that the alleged abuse—the threat to Plaintiff's son, occurred during plea negotiations, *prior to* the filing of the criminal information.  ECF 39 at 27; *see Page v. Comey*, 628 F. Supp. 3d 103 (D.D.C. 2022) (rejecting abuse of process claim where allegations involved conduct that occurred prior to issuance of warrants).

  *Statute of Limitations*:  Plaintiff does not dispute that his abuse of process claim was not timely filed.  Instead, Plaintiff argues that equitable tolling is warranted because "extraordinary circumstances prevented him from bringing a timely action"—namely, that he "was under prosecution" by DOJ at the time the limitations period expired.  ECF 39 at 25.  Plaintiff cites no authority for the application of equitable tolling in these circumstances and the United States is aware of none.  To the contrary, courts have consistently found that the fear of retribution in a pending criminal case is not an extraordinary circumstance that justifies equitable tolling of a related civil claim.  *See* ECF 38 at 49 n.32 (citing cases).

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMES G. TOUHEY, JR.
Director, Torts Branch

By: */s/ Kristin B. McGrory*
KRISTIN B. MCGRORY
HERMAN J. HOYING
Trial Attorneys
U.S. Department of Justice
Civil Division, Torts Branch
P.O. Box 888 Ben Franklin Station
Washington, DC 20044
Phone: 202-880-0141
Email: kristin.b.mcgrory@usdoj.gov
Attorneys for Defendant United States America

LACY R. HARWELL, JR.
Assistant United States Attorney
Florida Bar No. 0714623
Office of the United States Attorney
For the Middle District of Florida
400 N. Tampa St., Suite 3200
Tampa, Florida 33602
Tel. (813) 274-6000
Email: Randy.Harwell@usdoj.gov
Attorney for Defendant United States of America

8

## CERTIFICATE OF SERVICE

 I certify that on November 13, 2023, I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send an electronic notice of filing.

         */s/ Kristin B. McGrory*
         Kristin B. McGrory
         Trial Attorney