IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL T. FLYNN,

      Plaintiff,                    Case no. 8:23:CV-00485-MSS-CPT

vs.

UNITED STATES OF AMERICA,

      Defendant.

_____/

**DEFENDANT UNITED STATES OF AMERICA'S UNOPPOSED
MOTION TO EXTEND TIME TO RESPOND TO PLAINTFF'S
<u>SECOND AMENDED COMPLAINT</u>**

Pursuant to Fed. R. Civ. P. 6(b), Defendant, United States of America, respectfully moves to extend the deadline for the filing of its response to the Plaintiff's Second Amended Complaint ("SAC") by 60 days. *See* Fed. R. Civ. P. 15(a)(3) (stating that any response to an amended pleading is due 14 days after service of the amended pleading). If granted, the United States' response to the SAC will be due on or before September 12, 2025. Plaintiff consents to the requested relief.

On July 28, 2023, Plaintiff filed an Amended Complaint asserting claims for abuse of process and malicious prosecution against the United

1

States pursuant to the FTCA, 28 U.S.C. § 1346(b).  ECF No. 34.  The gravamen of Plaintiff's Amended Complaint was that agents or agencies of the United States, including the Department of Justice ("DOJ"), the Federal Bureau of Investigation ("FBI"), the Special Counsel's Office under Special Counsel Robert S. Mueller III ("SCO"), and the Executive Office of the President ("EOP"), improperly opened an investigation of Plaintiff, conducted an interview of Plaintiff after that investigation should have been closed, and brought criminal charges against him without probable cause based upon statements made during the interview.  *See generally* ECF No. 34.

On September 15, 2023, the United States filed a motion to dismiss the Amended Complaint in its entirety because Plaintiff failed to plausibly allege an abuse of process or malicious prosecution claim under the FTCA—and thus the United States did not waive its sovereign immunity for either of those claims.  *See* ECF No. 38.  In particular, the United States argued that Plaintiff failed to sufficiently allege that law enforcement or investigative officers procured Plaintiff's prosecution or that law enforcement or investigative officers abused the judicial process.  *See, e.g.*, ECF. No. 38 at 24-26; 38-46.  On December 10, 2024, the Court issued an Opinion finding that Plaintiff failed to adequately plead claims for malicious prosecution and abuse of process.  *See* ECF No. 47 at 16 ("Plaintiff does not plead an unbroken chain of causation

2

between alleged actions of FBI officers and the procurement of the information against Plaintiff."); 19 ("Plaintiff does not allege facts to show that any FBI agents used the judicial machinery to obtain a result other than such as would be proper in the regular prosecution of the charge."). Accordingly, the Court granted the United States' motion to dismiss the Amended Complaint. *Id.* at 20. However, when dismissing the Amended Complaint, the Court provided Plaintiff with the opportunity to file a Second Amended Complaint "that seeks to resolve the deficiencies identified" by the Court. *Id.*

On June 30, 2025, Plaintiff filed the SAC continuing to set forth claims for malicious prosecution and abuse of process. *See generally* ECF No. 58. The SAC is approximately 18 pages longer than the Amended Complaint and includes numerous modified and new allegations. *See, e.g.*, ECF No. 58 ¶ 19. Pursuant to Fed. R. Civ. P. 15(a)(3) and Local Rule 3.01(c), the United States' response to the SAC is currently due by July 14, 2025.

The Court, however, has discretion to extend the current response deadlines for "good cause." Fed. R. Civ. P. 6(b)(1). Good cause exists to extend the current deadlines by an additional 60 days. The SAC includes numerous additional and modified factual allegations from those included in the Amended Complaint. The additional time will provide the United States

3

with the opportunity to fully assess the new allegations and to prepare a response to the SAC.

Local Rule 3.01(g) Certificate

Plaintiff, through his counsel, has consented to the relief sought.

Conclusion

For all the foregoing reasons, the United States respectfully requests the Court to extend the deadline for the filing of its response to the SAC by 60 days, to and including September 12, 2025.

Dated: July 7, 2025                    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

KIRSTEN L. WILKERSON
Director, Torts Branch
Civil Division

*/s/Kristin McGrory*
KRISTIN MCGRORY
Trial Attorney, Torts Branch
United States Department of Justice
Civil Division
Benjamin Franklin Station, P.O. Box 888
Washington, D.C. 20044
Telephone: (202) 616-4206
Email: kristin.b.mcgrory@usdoj.gov
Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 7, 2025, I filed the foregoing with the Clerk of the

Court by using the CM/ECF system, which will send an electronic notice of

filing.

*<u>/s/ Kristin McGrory</u>*
Kristin B. McGrory
Trial Attorney